**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION**

| | |
|---|---|
| JANET DAVIS, ANGEL RANDALL and MELISSA SCHALLER, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br>v.<br><br>GEICO CASUALTY COMPANY, a foreign corporation, GEICO ADVANTAGE INSURANCE COMPANY, a foreign corporation, and GEICO CHOICE INSURANCE COMPANY, a foreign corporation,<br><br>       Defendants. | Civil Action No. 2:19-cv-02477-GCS-EPD |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL
APPRAISAL AND DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Basic principles of contract law require dismissal of the complaint to allow GEICO to exercise its right to appraisal. The appraisal provision in Plaintiffs' insurance policies with GEICO (the "Policy") is plain and unambiguous – if GEICO and the insured "do not agree on *the amount of loss*," either party is entitled to "demand an appraisal of *the loss*" within 60 days after the proof of loss is filed. Policy at 10, Dkt. No. 1-1. Here, GEICO has timely invoked its right to an appraisal and moved the Court to dismiss or stay the case until an appraisal is completed. In their opposition, Plaintiffs argue that GEICO is not entitled to an appraisal because there is no dispute over "the amount of loss" and therefore nothing to appraise. But there is no merit to this argument and, in fact, Plaintiffs concede that their claims against GEICO turn on whether their "loss" includes amounts for taxes and fees associated with purchasing a replacement vehicle (*i.e.*, "the amount of loss" is a contested issue). Pls.' Opp'n (Sept. 19, 2019) at 13-14, Dkt. No. 21 (arguing GEICO "violated the policy provisions requiring that it pay 'loss' to comprehensive and collision claims"

by withholding payment for sales tax and fees). Plaintiffs remaining arguments, addressed in full below, are similarly unsupported. Accordingly, GEICO is entitled to appraisal, and the Court should dismiss or stay the case until the appraisal process is complete. *See Guider v. LCI Commc'ns Holdings Co.*, 622 N.E.2d 415, 420 (Ohio Ct. App. 1993) (holding "a trial court has discretion to compel appraisal and grant a stay of proceedings for such a provision").

Alternatively, pursuant to Rule 12(b)(6), the Court should dismiss Plaintiffs' breach of contract claim concerning payment of sales tax. Specifically, Plaintiffs allege that the total loss settlements they received from GEICO should have, but did not, include sales tax associated with replacing their totaled vehicles. Even accepting these allegations as true, however, Plaintiffs have not alleged they actually incurred the taxes they seek to recover as damages. This is fatal to their breach of contract claim. In Ohio, an insurer is only required to reimburse a claimant for sales tax following a total loss if: (1) sales tax is incurred by the insured in purchasing a replacement vehicle; and (2) proof of payment of taxes and fees is provided to GEICO within 33 days of the claim settlement. Ohio Admin. Code § 3901-1-54(H)(7)(f). It is undisputed that the complaint does not allege Plaintiffs incurred sales tax or submitted proof of any sales tax incurred to GEICO. Even so, Plaintiffs argue they are entitled to recover sales tax because their breach of contract claim is based on the terms of the Policy and not the statute. Plaintiffs' argument ignores that Ohio regulations are considered part of the Policy and that standing alone the Policy does not provide for recovery of sales tax without the insured first incurring sales tax in replacing the totaled vehicle. Accordingly, because the complaint does not allege Plaintiffs provided proof of any incurred sales tax to GEICO following settlement of their total loss claims, the Court should dismiss Plaintiffs' breach of contract claim to recover sales tax.

**I.     The Court Should Compel Appraisal and Dismiss or Stay the Case.**

The Policy provides that, within 60 days after a proof of loss is filed, both GEICO and the insured have the right to demand an appraisal if they disagree regarding "the amount of *loss*." Policy at 10. Plaintiff does not challenge the timeliness of GEICO's request for an appraisal or dispute that, in Ohio, appraisal provisions are routinely enforced.[1] *E.g.*, *Guider*, 622 N.E.2d at 419 ("A valid appraisal provision is binding where invoked by the parties and expressly made the preferred method by the terms of the policy; also public policy favors appraisals which will be enforced in the absence of fraud, mistake, or manifest injustice.") (citation and quotations omitted). Rather, Plaintiffs argue there is no dispute concerning "the amount of loss." Specifically, Plaintiffs contend that the appraisal provision only applies to disagreements concerning "the base value of the vehicle" and is therefore inapplicable to their claims for sales tax and fees. Pls.' Opp'n at 1. This argument is meritless and contradicts the plain language of the Policy. *See Cincinnati Indemn. Co. v. Martin*, 710 N.E.2d 677, 680 (Ohio 1999) ("It is well established that when the language in an insurance policy is clear and unambiguous, we must enforce the contract as written and give the words their plain and ordinary meaning.").

Section III of the Policy, Physical Damage Coverages, Your Protection For Loss Or Damage To Your Car, provides that GEICO will pay "the amount of each *loss* less the applicable deductible." Policy at 8. Further, "*loss*"[2] is defined as "direct and accidental loss of or damage to" the insured vehicle. *Id*. Even if an insured sustains "*loss*," the Policy provides that GEICO's liability will not exceed: (1) the "***actual cash value*** of the property at the time of the loss;" and (2) "[w]ill not exceed the prevailing competitive price to repair or replace the property . . . with other

---

[1] It is undisputed that GEICO did not receive notice that Plaintiffs dispute the underlying settlement payments prior to being served with the complaint.
[2] Bolded terms herein are bolded in the Policy.

3

of like kind and quality." *Id.* at 9. "***Actual cash value***" is in turn defined as "the replacement cost of the auto or property less ***depreciation*** or ***betterment***." *Id.* at 7.

In Plaintiffs' own words, they have alleged that "*GEICO violated the policy provisions requiring that it pay 'loss'* to comprehensive and collision claims" by not including amounts for sales tax and fees when making actual cash value settlements on total loss claims. Pls.' Opp'n at 13-14 (emphasis added). Plaintiffs concede in the complaint that they received settlement payments from GEICO. Compl. ¶¶ 31, 39, 47. The only dispute is their settlement *amounts*, which allegedly did not account for certain taxes and fees. *Id.* ¶¶ 32, 40, 48. Put differently, Plaintiffs concede that the complaint challenges "the amount of loss." This dispute triggered GEICO's right under the Policy to demand an appraisal and request the Court dismiss or stay the case until the appraisal is completed. Policy at 10 (emphasis added) (providing that either party is entitled to "demand an appraisal of *the loss*" when they "do not agree on *the amount of loss*"); *Guider*, 622 N.E.2d at 421 (holding "that the trial court was within its discretion to stay [the plaintiffs'] claims, which [were] concededly dependent on proper valuation of the [insured property]").

Plaintiffs' arguments to the contrary are circular and should be summarily rejected. Plaintiffs cannot, on the one hand, maintain that sales tax and fees are a "*loss*" for purposes of coverage, while simultaneously arguing that sales tax and fees are not a "*loss*" for purposes of appraisal.

    **A.**    **There are No Coverage Issues, and An Appraiser Can and Should Determine "the Amount of Loss."**

Plaintiffs contend that whether they are entitled to sales tax and fees is a coverage issue that can only be decided by the Court, not an appraiser. But coverage is not an issue here. In fact, Plaintiffs acknowledge that GEICO paid their total loss claims. The only disagreement is whether those settlements should have included additional amounts for taxes and fees.

4

An insured raised this identical argument in *McGowan v. First Acceptance*, a recent federal case cited in GEICO's initial memorandum that Plaintiffs failed to address in their opposition. No. 8:19-cv-01101-SCB-CPT, Dkt. No. 30 at 4 (M.D. Fla. Aug. 14, 2019) ("Plaintiff urges that this cases concerns the single question of policy interpretation and coverage that is reserved for the Court, namely whether the Policy promises payment of the [actual cash value] of total loss vehicles including coverage for sales tax and transfer fees."). The *McGowan* Court swiftly rejected the argument raised by Plaintiffs, noting that coverage is not an issue when "[an insured] acknowledges that [the insurer] paid his claim." *Id.* at 6. As here, the insured's allegations raised only "questions regarding the amount of loss" such that "appraisal is the appropriate (and contractually-mandated) mechanism for resolving [the] dispute." *Id.* Because the parties disagree as to "the amount of loss" – which is not an issue of coverage – the Court should enforce the appraisal provision and grant GEICO's motion to dismiss or stay the case. *Id.*; 59 Ohio Jur. 3d Insurance § 1194 ("[W]here the policy is conditioned that in case of loss, and a disagreement or difference between the parties as to the amount of the loss, it shall be ascertained by arbitration or appraisal, and the insurer, upon receiving proofs of loss from the insured, disputes the amount as therein claimed, and demands an arbitration or appraisal to ascertain the amount thereof, there is such a disagreement or difference as will be the foundation for such arbitration or appraisal.").

The authorities cited by Plaintiffs do not warrant a different outcome. Plaintiffs contend their position is supported by the holding in *Milligan v. GEICO Gen. Ins. Co.*, CV 16-240(JMA)(GRB), 2017 WL 9939046 (E.D.N.Y. July 14, 2017), R. & R. adopted, 2018 WL 3632690.[3] According to Plaintiffs, the *Milligan* court held under similar circumstances that

---

[3] Plaintiffs make much of a statement in GEICO's briefing in *Milligan* that implicitly acknowledges that appraisers should not decide coverage issues. It is unclear why Plaintiffs believe

5

GEICO's appraisal provision is unenforceable because it would require the appraiser to make coverage determinations. Pls.' Opp'n at 9. Plaintiffs are wrong, and the court made no such finding. Rather, the court held that the "Plaintiff [had] filed the requisite information and qualified for a substantial payment under the policy *many months before GEICO's demand for an appraisal, rendering that demand untimely*." *Milligan*, 2017 WL 9939046, at *10 (emphasis added). Here, *Milligan* is inapplicable because Plaintiffs do not dispute that GEICO's request for an appraisal is timely. The other cases cited by Plaintiffs are all from jurisdictions outside of Ohio, do not address Ohio law and are not binding on this Court. In fact, Plaintiffs have not cited a single case applying Ohio law that suggests there are coverage issues in this case that would foreclose an appraisal. Accordingly, appraisal should be compelled.

      **B.    Denying GEICO's Contractual Right to an Appraisal Would Be Contrary to Ohio Law.**

Next, Plaintiffs argue the Court should ignore the plain policy language because compelling an appraisal would "result in manifest injustice" because an appraiser "is not authorized or equipped to apply Ohio rules of policy construction [or] to construe the contract and determine the parties' coverage dispute." Pls.' Opp'n at 9-10. From the outset, Plaintiffs' argument fails because determining "the amount of loss" is not a coverage issue. *McGowan*, No. 8:19-cv-01101-SCB-CPT, Dkt. No. 30 at 7 ("[T]his litigation is not about coverage, but about the amount of money owed to [plaintiff] following an unsatisfactory claim adjustment."). Nevertheless, denying GEICO its contractually bargained for right to an appraisal, in the way Plaintiffs suggest, would conflict with settled principles of Ohio law concerning the enforceability of unambiguous insurance policies. *See Motorists Ins. Cos. v. BFI Waste Mgmt.*, 728 N.E.2d 31, 36 (Ohio Ct. App.

---

this purported "admission" supports their position because, as noted herein, determination of the "amount of loss" is not a coverage issue.

6

1999) ("[T]he court has the duty to enforce insurance contracts as made by the parties, and not to rewrite or to distort, under the guise of judicial construction, contracts the terms of which are unambiguous, so long as they do not offend some rule of law or contravene public policy, since courts do not exercise a guardianship over contracting parties."). Plaintiffs' arguments concerning "manifest injustice" are therefore misplaced and in fact weight in favor of enforcing appraisal in this matter.[4]

### C. The Appraisal Provision is Binding and Was Not Waived by GEICO.

Finally, Plaintiffs argue in passing that the appraisal provision "may" not be binding because the Policy does not "expressly require an insured [to] seek [an] appraisal before bringing suit." Pls.' Opp'n at 10. Contrary to Plaintiffs' arguments, GEICO is not contending that Plaintiffs were obligated to invoke appraisal prior to filing suit. Rather, now that binding appraisal has been invoked by GEICO, Plaintiffs must participate in the appraisal process before they can maintain their present suit. Policy at 10. Furthermore, the plain language of the Policy is clear that appraisal is binding when invoked by either GEICO or the insured. *Id.*[5] Because appraisal has been timely

---

[4] While GEICO believes that appraisal is the proper mechanism for addressing the dispute between the parties and is appropriate in this matter, Plaintiffs have recourse under Ohio law if an appraiser exceeds their authority. *See Am. Storage Ctrs. v. Safeco Ins. Co. of Am.*, 651 F. Supp. 2d 718, 725 (N.D. Ohio 2009) (discussing standard for setting aside appraisal award under Ohio law). The availability of this recourse further undercuts any claims of manifest injustice raised by Plaintiffs.
[5] Plaintiffs reliance on *Edwards v. Transamerica Ins. Grp.*, No. 86AP-176, 1986 WL 9619 (Ohio Ct. App. Sept. 2, 1986), is misplaced. In *Edwards*, the court declined to compel appraisal where "the defendants waited until after suit had been filed by plaintiffs to request an appraisal." Of note, the *Edwards* court observed that "Plaintiffs and the representatives of defendants [had] unsuccessfully attempted to adjust and settle the loss" such that the insurer had notice and an opportunity to invoke its appraisal rights prior to commencement of litigation. *Id.* at *1. Here, conversely, Plaintiffs did not notify GEICO prior to filing suit that they are disputing their total loss settlements and as a result deprived GEICO of the opportunity to invoke appraisal during the claim negotiation process. Accordingly, GEICO acted promptly in requesting an appraisal shortly after the complaint was filed, and the rationale of *Edwards* is inapplicable.

and appropriately invoked by GEICO, appraisal should be compelled and Plaintiffs' complaint stayed or dismissed.

## II. Plaintiffs Fail to State a Claim for Breach of Contract Regarding Payment of Sales Tax.

Alternatively, pursuant to Rule 12(b)(6), the Court should dismiss Plaintiffs' breach of contract claim concerning payment of sales tax. Plaintiffs allege GEICO breached the Policy by withholding sales tax when settling the underlying total loss claims. Under Ohio law, however, GEICO is not obligated to pay sales tax following a total loss unless (1) sales tax is incurred by the insured in purchasing a replacement vehicle, and (2) proof of payment of taxes and fees is provided to GEICO within 33 days of the claim settlement. Ohio Admin. Code § 3901-1-54(H)(7)(f). Because Plaintiffs fail to allege they submitted documentation to GEICO verifying the purchase of a replacement vehicle and payment of sales tax, their breach of contract claim concerning payment of sales tax necessarily fails.

### A. Section 3901-1-54(H)(7) Is Incorporated Into the Policy by Operation of Law.

Section 3901-1-54(H)(7)(f) is unequivocal – an insurer "shall reimburse the claimant for the applicable sales taxes incurred" following a total loss unless "the claimant cannot substantiate such purchase and the payment of such sales taxes" within 33 days after receipt of a cash settlement. Ohio Admin. Code § 3901-1-54(H)(7)(f). In their opposition, Plaintiffs argue this statute is irrelevant because is it not expressly incorporated into the Policy. This argument has no merit. Ohio law is clear that Section 3901-1-54(H)(7)(f) is incorporated into and considered a part of the Policy. *See Cartwright v. The Maryland Ins. Grp.*, 655 N.E.2d 827, 828 (Opp. Ct. App. 1995) (holding the statutory insurance law in effect at the time the parties enter into an insurance contract "becomes a part of the policy and is applicable as though fully written into it").

8

Plaintiffs cite *Bastian v. USAA*, 150 F. Supp. 3d 1284 (M.D. Fla. 2015), for the proposition "that if a policy promises to pay replacement costs, a statute that permits an insurer to pay sales tax as incurred is irrelevant *unless the insurer affirmatively elects in its policy to defer payment as statutorily permitted*." Pls.' Opp'n at 18 (emphasis in original). Plaintiffs misconstrue *Bastian*. There, a Florida statute provided an *optional* process to defer payment of sales tax on total loss claims where that process was not set forth in the policy. *Bastian*, 150 F. Supp. 3d at 1295.[6] The court acknowledged the general rule that mandatory statutory language is considered part of an insurance contract but held the Florida statute in question was permissive and therefore not made a part of the governing policy. *Id*. Here, the applicable provisions of Section 3901-1-54(H)(7)(f) requiring GEICO to pay sales tax to its insureds only if insureds incur those taxes in replacing the totaled vehicle are mandatory and not permissive in nature. Under both *Bastian* and Ohio law these provisions are considered binding and part of the Policy.

**B.   Plaintiffs' Misinterpret GEICO's Policy.**

As discussed above, Section 3901-1-54(H)(7)(f) is incorporated in to the Policy, and governs GEICO's payment of sales tax following a total loss. Plaintiffs concede that GEICO in fact pays sales tax when an insured provides proof that they incurred taxes pursuant to the mandates of the regulation. Despite this fact, Plaintiffs argue that it is the Policy, not Ohio regulations, that

---

[6] Plaintiffs point to different portions of Section 3901-1-54(H)(7)(f) for the proposition that GEICO can elect to pay sales tax at the time of the total loss settlement. Ohio Admin. Code § 3901-1-54(H)(7)(f) ("[i]n lieu of reimbursement, the insurer *may* pay directly the applicable sales taxes to the claimant at the time of the cash settlement.") (emphasis added). Plaintiffs confuse the mandatory and permissive sections of the regulation. An insurer is *required* to reimburse sales tax following replacement, but *may* elect to pay taxes at the time of settlement. Plaintiffs' complaint is clear, however, that GEICO does not pay taxes at the time of settlement, and instead pays taxes pursuant to the requirement of the regulation. Compl. ¶¶ 10-11. Moreover, as discussed further below, there is no provision in the Policy that can be construed as an express election by GEICO to pay taxes at the time of settlement.

9

requires payment of sales tax prior to taxes being incurred by an insured. Pls.' Opp'n at 16-19. GEICO does not dispute that as a general proposition parties can contract for greater coverage than required by statute. Plaintiffs, however, fail to identify any express provisions in the Policy requiring GEICO to pay taxes prior to them being incurred by the insured. Instead, Plaintiffs invite the Court to broadly interpret a limitation provision as providing coverage beyond the requirements of Ohio regulations. The Court should reject this invitation.

Setting aside that "***actual cash value***" is the limit of GEICO's liability, not an insuring or coverage provision, a plain reading of the definition, i.e., the replacement cost of the auto or property, does not include sales tax that Plaintiffs did not incur. Plaintiffs do not identify any term in the Policy that suggests otherwise. Because there is no contractual term in the Policy requiring GEICO to pay sales tax without Plaintiffs first incurring these costs, or otherwise providing greater coverage for taxes and fees than provided under Ohio Administrative Code § 3901-1-54(H)(7)(f), Plaintiffs' breach of contract claim should be dismissed.

      **C.**      **The Court Should Follow *Sigler*, a Case Largely Ignored By Plaintiffs.**

In its opening brief, GEICO cited *Sigler v. GEICO Cas. Co.*, No. 1:18-cv-01446-MMM-JEH, 2019 WL 2130137 (C.D. Ill. May 15, 2019), a recent federal case concerning application of an Illinois law (Administrative Code Title 50 Section 919.80) substantially similar to Section 3901-1-54(H)(7)(f). In their opposition papers, Plaintiffs relegated discussion of *Sigler* to a footnote, arguing the decision is "incorrect" and "erroneous." Pls.' Opp'n at 19 n.8.

In *Sigler*, the court considered an Illinois regulation nearly identical to the regulation at issue here that provides that an insurer is only obligated to reimburse sales tax and fees if: (1) sales tax and fees are incurred by the insured in purchasing a replacement vehicle; and (2) proof of payment of taxes and fees is provided to the insurer within 33 days of the claim settlement. Illinois

Administrative Code Title 50 Section 919.80. There, as here, the plaintiffs challenged GEICO's practices concerning settlement of total loss claims and specifically sought to recover sales tax and regulatory fees associated with purchasing a replacement vehicle prior to incurring those taxes and fees. The district court, relying on Section 919.80, held that GEICO is not obligated to pay taxes or fees in the settlement of total loss claims unless and until an insured incurs taxes and fees in purchasing a replacement vehicle. The court further held that GEICO's policy language, the same language at issue in this case, "[could not] be construed as an express promise to insureds that they will be reimbursed for sales tax, title transfer fees, and tag transfer fees without first incurring such costs."[7] Because plaintiff failed to allege he actually paid these taxes and fees, the court dismissed the complaint for failure to state a claim.[8]

Here, Ohio law requires the same result. Pursuant to Section 3901-1-54(H)(7)(f), an insurer is not obligated to pay sales tax in settling a total loss clam if the "claimant cannot substantiate such purchase and the payment of such sales taxes." Because the regulation governs and Plaintiffs have not alleged they actually paid the sales tax they seek to recover, dismissal is required for failure to state a claim.

---

[7] Plaintiffs point to the *Sigler* court's apparent reading of the definition of "Actual cash value" in GEICO's Policy in the disjunctive allowing GEICO to pay either the "replacement cost of the auto" or "property less depreciation or betterment." Pls.' Opp'n at 19 n.8. This disjunctive reading was not central or material to the court's holding. *Sigler*, 2019 WL 2130137, at *3 (noting disjunctive reading of definition as additional basis for denial). More importantly, plaintiff's claims in that action were, as Plaintiffs' claims are here, predicated on GEICO's purported promise to pay taxes as part of the Vehicle's "replacement cost," rendering the District Court's disjunctive reading immaterial.

[8] The *Sigler* court's rationale was reinforced in *Coleman v. Garrison Prop. & Cas. Ins.*, in which the U.S. District Court for the Northern District of Illinois found that substantially similar policy language to that at issue in *Sigler* and here did not include an express promise to pay taxes or fees. No. 1:19-cv-01745, 2019 WL 3554184, at *2 (N.D. Ill. July 31, 2019) (finding that the definition of "actual cash value" in substantially similar policy did not include taxes or Fees).

**D.     Plaintiffs' Arguments Concerning Preemption and Statutory Claims are Misplaced.**

Finally, Plaintiffs argue that Section 3901-1-54(H)(7)(f) does not "preempt" the Policy and further that their claims are based on the terms of the Policy and not the statute. Plaintiffs ignore that, standing alone, the Policy does not provide for recovery of sales tax prior to replacement. Instead, GEICO pays sales tax on total loss claims pursuant to the mandates of Section 3901-1-54(H)(7)(f). Plaintiffs' claim is in reality either predicated on the regulation or is akin to a challenge to the requirements of Ohio insurance law as set forth in the regulation. In the first instance, Plaintiffs' claims are barred because the plain language of Section 3901-1-54 states that nothing in the regulation "shall be construed to create or imply a private cause of action for violation of this rule." To the extent that Plaintiffs' claims are in fact a challenge to the requirements of Section 3901-1-54, and not an attempt to assert a cause of action pursuant to them, the claim should be referred to the Ohio Superintendent of Insurance under the primary jurisdiction doctrine. The Superintendent of Insurance is uniquely equipped to resolve Plaintiffs' sales tax claim pursuant to Ohio Rev. Code Ann. § 3901.011.

## CONCLUSION

GEICO is entitled to an appraisal because the parties dispute "the amount of loss." Accordingly, the Court should dismiss or stay the case until an appraisal is complete. Alternatively, pursuant to Rule 12(b)(6), the Court should dismiss Plaintiffs' claim for breach of contract concerning payment of sales tax for failure to state claim.

Dated: October 3, 2019.

By:     /s/ Kymberly Kochis
Kymberly Kochis (*pro hac vice*)
Michael R. Nelson
**EVERSHEDS SUTHERLAND (US) LLP**

The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
kymkochis@eversheds-sutherland.com
mikenelson@eversheds-sutherland.com

**Attorneys for Defendants GEICO Casualty Company, GEICO Advantage Insurance Company, and GEICO Choice Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, I electronically filed a true and exact copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, including the following:

Daniel Richard Karon
Beau D Hollowell
**KARON LLC**
700 W. St. Clair Avenue, Suite 200
Cleveland, OH 44113
*dkaron@karonllc.com*
*bhollowell@karonllc.com*

Andrew Shamis
**SHAMIS & GENTILE, P.A.**
14 N.E 1st Ave Ste. 1205
Miami, FL 33132
*ashamis@shamisgentile.com*

Edmund A. Normand
Jacob L. Phillips
**NORMAND PLLC**
Post Office Box 1400036
Orlando, FL 32814-0036
*ed@ednormand.com*
*jacob@ednormand.com*

*Attorneys for Plaintiffs*

/s/ Kymberly Kochis
Kymberly Kochis