**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**COLUMBUS DIVISION**

| | |
|---|---|
| JANET DAVIS, ANGEL RANDALL and MELISSA SCHALLER, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br>      v.<br><br>GEICO CASUALTY COMPANY, a foreign corporation, GEICO ADVANTAGE INSURANCE COMPANY, a foreign corporation, and GEICO CHOICE INSURANCE COMPANY, a foreign corporation,<br><br>                        Defendants. | Civil Action No. 2:19-cv-02477-GCS-EPD<br>Judge:  George C. Smith<br>Magistrate Judge: Elizabeth Preston Deavers |

## RULE 26(f) REPORT

       Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on September 9, 2019, and was attended by:

<u>Jacob Phillips</u>                                             , counsel for plaintiffs,

<u>Kymberly Kochis</u>                                        , counsel for the GEICO defendants ("GEICO"),

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.      <u>CONSENT TO MAGISTRATE JUDGE</u>

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

     Yes    <u>X</u>  No

2.      <u>INITIAL DISCLOSURES</u>

Have the parties agreed to make initial disclosures?

<u>X</u>  Yes          No          The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures were exchanged on <u>October 1, 2019</u>.

3. <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

\_\_\_\_\_Yes     X  No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _____.

4. <u>PARTIES AND PLEADINGS</u>

   a. Plaintiffs will file an unopposed motion to amend their complaint solely to add additional Plaintiffs and/or Defendants by February 5, 2020. Defendants will have until February 26, 2019, to respond to Plaintiffs' amended complaint. Any further motions to amend the pleadings must be based on a showing of good cause and filed by March 15, 2020.

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by, and certification expert disclosures made by <u>August 3, 2020</u>.

      Plaintiffs' class certification expert depositions by <u>September 3, 2020</u>.

      Opposition to class certification filed by and rebuttal expert disclosures made by <u>September 17, 2020</u>.

      Defendants' class certification expert depositions by <u>October 17, 2020</u>.

      Plaintiffs' class certification reply filed by <u>October 26, 2020</u>.

5. <u>MOTIONS</u>

   a. Are there any pending motion(s)?

      _Yes X_____No

   b. Are the parties requesting expedited briefing on the pending motion(s)?

      \_\_\_\_\_Yes     X No

      If yes, identify the proposed expedited schedule:

      Opposition to be filed by_____; Reply brief to be filed by_____.

6. ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

**Plaintiffs' Description of Issues:**

This is a breach of contract putative class action that alleges GEICO failed to pay certain taxes and fees as part of the settlement of Plaintiffs' first-party auto total loss claims. Plaintiffs allege that GEICO's limit of liability for loss is capped at ACV, which it defines as the "replacement cost" of the auto less depreciation/betterment. Such replacement costs include sales tax and mandatory transfer fees, and nothing in the Policy conditions any payment of ACV on incurring the costs, and any minimum statutory requirements do not trump the plain Policy language. The Parties agree about the amount of loss and simply disagree about whether GEICO is permitted to condition payment on actual replacement, which is a pure issue of law inappropriate for disposition by an appraiser. Plaintiff has demanded trial by jury on all triable issues.

**Defendants' Description of Issues:**

This is a breach of contract putative class action that alleges GEICO failed to pay certain taxes and fees as part of the settlement of Plaintiffs' first-party auto total loss claims. GEICO denies any breach of the insurance policies, and notes that GEICO pays taxes and fees in the settlement of total loss claims pursuant to Ohio law.

7. DISCOVERY PROCEDURES

The parties agree that all discovery shall be completed by December 15, 2020. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

a.
b. Do the parties anticipate the production of ESI?_____X__Yes_No

If yes, describe the protocol for such production:

3

1. The parties agree that ESI shall be produced in searchable PDF or TIFF image format and shall have a legible, unique page identifier ("Bates Number") placed on the PDF, TIFF image or file name. Certain types of ESI, including, audio, video, spreadsheet type files, including but not limited to Microsoft Excel and CSV, and database files, including but not limited to Microsoft Access files, will be produced in native format, to the extent the document is maintained in native format, and be assigned a unique Bates Number. Plaintiff shall have the right to request native format, as needed. That ESI is produced in one format does not result in another party's right to request that ESI in a different format, if needed. The parties agree that, when practicable, ESI will be produced in a format that is accessible without proprietary software not available to the public generally in a consumer accessible format. If not "practicable," then the parties will meet and confer on how best to produce the documents, which could include viewing on site, screen sharing, remote access or some other method(s).

2. The parties further agree that, with respect to materials not ordinarily kept in an electronic format ("Non-ESI materials"), to the extent that it is practicable to do so and does not present undue cost, the parties will produce these materials in an electronic format. For ESI and documents that are reasonably available in the ordinary course of business, the parties agree to bear their own costs of production. The parties reserve the right to request cost-shifting where circumstances merit.

3. The parties agree that when a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). In accordance with Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other forum, constitute a waiver by the producing party of any privilege or protection applicable to those documents, including the attorney-client privilege and the work product doctrine. The process by which a party may "claw back" ESI and documents shall be set forth in an agreed protective or confidentiality order that the parties will request the Court enter in this litigation.

4. At this time, the parties do not anticipate any issues relating to the disclosure or discovery of ESI, but the parties agree to cooperate to address any such issues in the event that they arise.

    c. Do the parties intend to seek a protective order or clawback agreement? Yes

       If yes, such order or agreement shall be produced to the Court by <u>February 12, 2020</u>. If the parties cannot agree to terms of a protective order they shall submit competing orders on that date.

8. <u>DISPOSITIVE MOTIONS</u>

    a. Any dispositive motions shall be filed by <u>November 20, 2020</u>. Responses to dispositive motions shall be filed by December 21, 2020. Replies to dispositive motions shall be filed by January 18, 2021.

    b. Are the parties requesting expedited briefing on dispositive motions?

       ____Yes    X_No

       If yes, identify the proposed expedited schedule:

       Opposition to be filed by_____; Reply brief to be filed by_____.

9. <u>EXPERT TESTIMONY</u>

    a. Primary expert reports must be produced by <u>October 15, 2020</u>.

    b. Primary Experts will be made available for deposition by November 1, 2020.

    c. Rebuttal expert reports must be produced by <u>November 20, 2020</u>.

    d. Rebuttal experts will be made available for deposition by December 1, 2020.

10. <u>SETTLEMENT</u>

Plaintiff(s) will a make a settlement demand by <u>April 3, 2020</u>. Defendant will respond by <u>April 21, 2020</u>. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request the following month and year: August 2020.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that

principals of the parties attend the conference.

11.     RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

_____Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place _____ in chambers _____ by telephone.

 X  No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

If the Court orders a pretrial conference, the parties request that the conference be conducted telephonically.

12.     OTHER MATTERS

Indicate any other matters for the Court's consideration:

Dated:  January 29, 2020

Signatures:

Attorney for Plaintiff(s):

/s/ Christopher B. Hall
Christopher B. Hall (*pro hac vice*)
**Hall & Lampros, LLP**
400 Galleria Pkwy, Suite 1150
Atlanta, GA 30339
(404) 876-8100
Fax: (404) 876-3477
chall@hallandlampros.com

Daniel R. Karon (Bar #: 0069304)
Beau D. Hollowell (Bar #: 0080704)
**Karon LLC**
700 W. St. Clair Avenue, Suite 200
Cleveland, OH 44113
216-622-1851
Fax: 216-241-8175
dkaron@karonllc.com
bhollowell@karonllc.com

Attorney for Defendant(s):

/s/ Kymberly Kochis
Michael R. Nelson (Bar #: 0078987)
Kymberly Kochis (*pro hac vice*)
Alexander P. Fuchs (*pro hac vice*)
**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone:  212-389-5000
Facsimile: 212-389-5099
mikenelson@eversheds-sutherland.com
kymberlykochis@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

Andrew Shamis (*pro hac vice*)
**Shamis & Gentile, P.A.**
14 NE 1st Avenue, Ste 1205
Miami, FL 33132
305-479-2299
Fax: 786-623-0915
ashamis@shamisgentile.com

Bradley W. Pratt (*pro hac vice*)
**Pratt Clay, LLC**
4401 Northside Pkwy., Suite 520
Atlanta, GA 30327
(404) 949-8118
Fax: (404) 949-8159
bradley@prattclay.com

Edmund A. Normand (*pro hac vice*)
Jacob Lawrence Phillips (*pro hac vice*)
**Normand, PLLC**
3165 McCrory Place
Suite 175
Orlando, Fl 32803
407-603-6031
Fax: 888-974-2175
ed@normandpllc.com
jacob.phillips@normandpllc.com

Rachel Dapeer (*pro hac vice*)
**Dapeer Law, PA**
300 S Biscayne Blvd., #2704
Miami, FL 33131
(305) 610-5223
rachel@dapeer.com

Scott Edelsberg (*pro hac vice*)
**Edelsberg Law, PA**
20900 NE 30th Avenue, #417
Aventura, FL 33180
(786) 289-9469
scott@edelsberglaw.com