IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JANET DAVIS,** *et al.***,**

      **Plaintiffs,**

    v.                                  Civil Action 2:19-cv-2477
                                            Judge George C. Smith
                                            Chief Magistrate Judge Elizabeth P. Deavers

**GEICO CASUALTY COMPANY,** *et al.,*

      **Defendants.**

## PRELIMINARY PRETRIAL ORDER

Based upon the parties' amended Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court **ADOPTS** the following schedule:

VENUE AND JURISDICTION

There are no issues related to venue or jurisdiction.

PARTIES, PLEADINGS AND CLASS CERTIFICTION EXPERTS

Plaintiffs filed an unopposed motion to amend their complaint solely to add additional Plaintiffs and/or Defendants by February 5, 2020. Defendants will have until February 26, 2019, to respond to Plaintiffs' amended complaint. Any further motions to amend the pleadings must be based on a showing of good cause and filed by **MARCH 15, 2020**.

The motion for class certification shall be filed by, and certification expert disclosures made by **AUGUST 3, 2020**.

Plaintiffs' class certification expert depositions by **SEPTEMBER 3, 2020**.

Opposition to class certification filed by and rebuttal expert disclosures made by **SEPTEMBER 17, 2020**.

Defendants' class certification expert depositions by **OCTOBER 17, 2020**.

Plaintiffs' class certification reply filed by **OCTOBER 26, 2020**.

ISSUES

**Plaintiffs' Description of Issues:**

This is a breach of contract putative class action that alleges GEICO failed to pay certain taxes and fees as part of the settlement of Plaintiffs' first-party auto total loss claims. Plaintiffs allege that GEICO's limit of liability for loss is capped at ACV, which it defines as the "replacement cost" of the auto less depreciation/betterment. Such replacement costs include sales tax and mandatory transfer fees, and nothing in the Policy conditions any payment of ACV on incurring the costs, and any minimum statutory requirements do not trump the plain Policy language. The Parties agree about the amount of loss and simply disagree about whether GEICO is permitted to condition payment on actual replacement, which is a pure issue of law inappropriate for disposition by an appraiser. Plaintiff has demanded trial by jury on all triable issues.

**Defendants' Description of Issues:**

This is a breach of contract putative class action that alleges GEICO failed to pay certain taxes and fees as part of the settlement of Plaintiffs' first-party auto total loss claims. GEICO denies any breach of the insurance policies, and notes that GEICO pays taxes and fees in the settlement of total loss claims pursuant to Ohio law.

DISCOVERY PROCEDURES

All discovery shall be completed by **DECEMBER 15, 2020**. For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.

1. The parties agree that ESI shall be produced in searchable PDF or TIFF image format and shall have a legible, unique page identifier ("Bates Number") placed on the PDF, TIFF image or file name. Certain types of ESI, including, audio, video, spreadsheet type files, including but not limited to Microsoft Excel and CSV, and database files, including but not limited to Microsoft Access files, will be produced in native format, to the extent the document is maintained in native format, and be assigned a unique Bates Number. Plaintiff shall have the right to request native format, as needed. That ESI is produced in one format does not result in another party's right to request that ESI in a different format, if needed. The parties agree that, when practicable, ESI will be produced in a format that is accessible without proprietary software not available to the public generally in a consumer accessible format. If not "practicable," then the parties will meet and confer on how best to produce the documents, which could include viewing on site, screen sharing, remote access or some other method(s).

2. The parties further agree that, with respect to materials not ordinarily kept in an electronic format ("Non-ESI materials"), to the extent that it is practicable to do so and does not present undue cost, the parties will produce these materials in an electronic format. For ESI and documents that are reasonably available in the ordinary course of business, the parties agree to bear their own costs of production. The parties reserve the right to request cost-shifting where circumstances merit.

3. The parties agree that when a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). In accordance with Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other forum, constitute a waiver by the producing party of any privilege or protection applicable to those documents, including the attorney-client privilege and the work product doctrine. The process by which a party may "claw back" ESI and documents shall be set forth in an agreed protective or confidentiality order that the parties will request the Court enter in this litigation.

4. At this time, the parties do not anticipate any issues relating to the disclosure or discovery of ESI, but the parties agree to cooperate to address any such issues in the event that they arise.

Any proposed protective order or clawback agreement shall be filed with the Court by **FEBRUARY 12, 2020**. A Word version of the proposed protective order should be sent to deavers_chambers@ohsd.uscourts.gov, and any provision related to sealing must comply with S.D. Ohio Civ. R. 5.2.1.

DISPOSITIVE MOTIONS

Any dispositive motion shall be filed by **NOVEMBER 20, 2020**. Responses to dispositive motions shall be filed by **DECEMBER 21, 2020.** Replies shall be filed by **JANUARY 18, 2021**.

EXPERT TESTIMONY

Primary expert reports must be produced by **OCTOBER 15, 2020**. Rebuttal expert reports must be produced by **NOVEMBER 20, 2020**. If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties. If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties. Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiffs shall make a settlement demand by **APRIL 3, 2020**. Defendants shall respond by **APRIL 21, 2020**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **AUGUST 2020**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

None.

If the foregoing does not accurately record the matters considered and the agreements reached at the conference, counsel will please immediately make their objection in writing.  If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

**IT IS SO ORDERED.**


Date:  February 6, 2020 　　　　　　　　*/s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE