IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| **JANET DAVIS, ANGEL RANDALL, MELISSA SCHALLER, and MANDY PHELAN, individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**GEICO CASUALTY COMPANY,** a foreign corporation, **GEICO ADVANTAGE INSURANCE COMPANY,** a foreign corporation, and **GEICO CHOICE INSURANCE COMPANY,** a foreign corporation, and **GEICO GENERAL INSURANCE COMPANY,** a foreign corporation,<br><br>Defendants. | CASE NO.: 2:19-cv-02477-GCS-EPD<br><br>**(JURY TRIAL DEMANDED)** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION
FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Janet Davis, Angel Randall, and Melissa Schaller (collectively, the "Original Plaintiffs"), on behalf of themselves and all others similarly situated, file, pursuant to Fed. R. Civ. P. 15(a), this Memorandum of Law in Support of Unopposed Motion for Leave to File First Amended Class Action Complaint. The proposed Amended Complaint is attached hereto as Exhibit 1, and seeks to add the claims of new plaintiff Mandy Phelan, individually and on behalf of a putative class, against new defendant GEICO General Insurance Company ("GEICO General").

## SUMMARY OF THE ARGUMENT

Plaintiffs submit that leave should be granted pursuant to Fed. R. Civ. P. 15(a) because good cause exists, and because (1) this Motion is unopposed, (2) joining Phelan's claims with the virtually identical claims of the Original Plaintiffs is supported by judicial efficiency and avoids wasteful duplication (and possible conflict among similar proceedings), (3) amendment will not delay these proceedings, and (4) there will be no prejudice to Original Plaintiffs, Defendants, or the putative class. To the contrary, granting this amendment will benefit all parties. *See Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018); *Wagner v. White Castle System, Inc.*, 2014 WL 12652349, at *1–2 (S.D. Ohio Nov. 17, 2014) (motions to amend in class actions shall be freely granted when justice requires).

## RELEVANT PROCDURAL HISTORY

Original Plaintiffs filed this Ohio class action against GEICO Casualty Company ("GEICO Casualty"), GEICO Advantage Insurance Company ("GEICO Advantage"), and GEICO Choice Insurance Company ("GEICO Choice") (together, the "Original Defendants") on June 13, 2019. (Doc. 1.) The lawsuit alleges that Original Defendants breached Original Plaintiffs' and putative class members' insurance policies by failing to pay the full actual cash value (including sales tax, title transfer fees, and registration fees) on total loss claims. Original Plaintiff Randall was insured under a GEICO Casualty private passenger auto ("PPA") policy of insurance. Original Plaintiff Schaller was insured under a GEICO Advantage PPA policy of insurance. Original Plaintiff Davis was insured under a GEICO Choice PPA policy of insurance.

On August 19, 2019, Original Defendants moved to compel appraisal and to dismiss the lawsuit. (Doc. 10.) On September 19, 2019, Original Plaintiffs opposed Original Defendants'

motion to compel appraisal and to dismiss. (Doc. 21.) On January 7, 2020, the Court entered an Order denying Original Defendants' motion. (Doc. 25.)

At a January 15, 2020 status conference, the Court directed the parties to file a revised Rule 26(f) report on or before January 29, 2020. (Doc. 34.) Counsel for Original Plaintiffs informed the Court that Original Plaintiffs anticipated filing a motion for leave to file an Amended Complaint to join an additional plaintiff and defendant, that a preliminary pretrial order (Doc. 20) had set a date for motions to amend for October 15, 2019, and that Original Plaintiffs learned of Ms. Phalen's claims *after* that date. The Court directed the parties to confer relating to the potential amendment and stated the parties could address the issue in the revised Rule 26(f) report.

The parties conferred relating to the proposed amendment. On January 29, 2020, the parties filed a revised Rule 26(f) report. (Doc. 39.) In the Rule 26(f) Report, the parties agreed that Original Plaintiffs may file on or before February 5, 2020, an Unopposed Motion for Leave to File an Amended Complaint adding plaintiffs and/or defendants. (Doc. 39, at 2.) The Rule 26(f) Report provides that Original Defendants will have until February 26[1] to respond to Plaintiffs' amended complaint. *Id.*

There is good cause to allow this amendment because Original Plaintiffs did not know of Ms. Phalen's claims until after October 15, 2019, and Original Plaintiffs promptly notified Original Defendants and the Court upon the identification of her claims.

### THE PROPOSED AMENDED COMPLAINT

Pursuant to the parties' agreement in the Rule 26(f) Report, Original Plaintiffs hereby file this Unopposed Motion for Leave to File Amended Complaint. The Amended Complaint seeks to

---

[1] The Rule 26(f) Report mistakenly provides that Defendants shall have until February 26, *2019* to answer. The parties intend for Defendants to have until February 26, *2020* to file an answer. (Doc. 39, at 2.)

3

add a new plaintiff (with title transfer fee and registration fee claims virtually identical to the Original Plaintiffs) and a new defendant (i.e., another GEICO entity with materially identical policies, practices, and procedures as the GEICO entities comprising the Original Defendants). Specifically, the Amended Complaint brings claims by Mandy Phelan, individually and on behalf of a putative class of similarly situated insureds, against GEICO General under the same PPA policies that insured the Original Plaintiffs.  Ex. 1, proposed Amended Complaint.  Like the Original Plaintiffs, Amended Complaint Plaintiff Phelan made a covered total loss claim for physical damage, and alleges that GEICO General breached her PPA policy by failing to pay all of title transfer fees and registration fees.  *Id.*

Because Phelan alleges that GEICO General is affiliated with the other GEICO branded Defendants, GEICO General insured Ohio putative class members under PPA policies with the same material insuring language, and GEICO General employed the same claims handling procedures as the original GEICO Defendants, it is efficient for the claims against GEICO General to be litigated in this lawsuit.

## AMENDMENT IS PROPER UNDER RULE 15

Plaintiffs respectfully state that there is good cause to allow this amendment because Plaintiffs did not know of Ms. Phalen's claims until after October 15, 2019, and Plaintiffs promptly notified Defendants and the Court upon the identification of her claims.  Justice requires that leave to amend be granted because (1) the motion for leave is unopposed; (2) there has been no discovery in the case that would be duplicated by the addition of Phelan's claims; (3) there will be no prejudice to Plaintiffs or Defendants or putative class members; (4) judicial efficiency supports amendment and consolidation, and (5) proceedings will not be delayed.  Original Plaintiffs respectfully submit that the Court should allow this amendment because leave to file amended

complaints in class actions shall be freely granted when justice so requires. *See Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018); *Wagner v. White Castle System, Inc.*, 2014 WL 12652349, at *1–2 (S.D. Ohio Nov. 17, 2014).

## CONCLUSION

Plaintiffs therefore respectfully request that the Court grant this unopposed motion for leave for Plaintiffs to file the attached First Amended Complaint.

Dated: February 5, 2020  Respectfully submitted,

By: *s/Daniel Karon*
Daniel R. Karon (0069304)
Beau D. Hollowell (0080704)
**KARON LLC**
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Tel: (216) 622-1851
dkaron@karonllc.com
bhollowell@karonllc.com

*s/Jacob L. Phillips*
Jacob L. Phillips (admitted *pro hac vice*)
Edmund A. Normand (admitted *pro hac vice*)
**NORMAND PLLC**
Post Office Box 1400036
Orlando, FL 32814-0036
Tel: (407) 603-6031
ed@ednormand.com
jacob.phillips@normandpllc.com

Bradley W. Pratt (admitted *pro hac vice*)
**PRATT CLAY LLC**
4401 Northside Parkway
Suite 520
Atlanta, GA 30327
Tel: (404) 949-8118
bradley@prattclay.com

> Christopher Hall (*pro hac vice* pending)
> **HALL & LAMPROS LLP**
> 400 Galleria Parkway
> Suite 1150
> Atlanta, Georgia 30309
> Tel: (404) 876-8100
> chall@hallandlampros.com
>
> Andrew Shamis (admitted *pro hac vice*)
> **SHAMIS & GENTILE, P.A.**
> 14 N.E 1st Ave Ste. 1205
> Miami, FL 33132
> Tel: (305) 479-2299
> ashamis@shamisgentile.com
>
> Scott Edelsberg (admitted *pro hac vice*)
> **EDELSBERG LAW, P.A.**
> 19495 Biscayne Blvd. #607
> Aventura, FL 33180
> Tel: (305) 975-3320
> Scott@edelsberglaw.com
>
> Rachel Dapeer (admitted *pro hac vice*)
> **DAPEER LAW, P.A.**
> 300 S. Biscayne Blvd. #2704
> Miami, FL 33131
> rachel@dapeer.com
>
> *Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, February 5, 2020, I electronically filed the foregoing document via this Court's CM/ECF filing system, which will provide electronic notice to all counsel of record.

> *s/Jacob L. Phillips*