UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANET DAVIS, *et al.*,

               **Plaintiffs,**

    **v.**

GEICO CASUALTY
COMPANY, *et al.*,

               **Defendants.**

Case No. 2:19-cv-2477
JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## <u>OPINION AND ORDER</u>

This matter is before the Court on Plaintiffs' Motion for Leave to File Third Amended Complaint, Substitute Class Representative, and Dismiss Melissa Schaller Without Prejudice (ECF No. 61), and an Unopposed Motion to Intervene by Movant-Intervenor Alma Lee Resendez (ECF Nos. 60, 62). Defendants have responded to the Motion for Leave (ECF No. 63), and Plaintiffs have replied (ECF No. 64). Thus, these motions are ripe for decision. For the following reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to File Third Amended Complaint and **DISMISSES AS MOOT** the Motion to Intervene.

## I.

Plaintiffs initiated this putative class action against several GEICO Insurance companies on June 13, 2019. (*See* ECF No. 1.) On February 6, 2020, after obtaining leave, Plaintiffs filed an Amended Complaint adding claims against an additional GEICO defendant, GEICO General. (ECF No. 43.) On February 24, 2020, after obtaining leave, Plaintiffs filed a Second Amended Complaint, adding claims against an additional GEICO defendant, GEICO Secure. (ECF No. 48.) Pursuant to the Court's preliminary pretrial order, the deadline for Motions to Amend was March

1

15, 2020.  (ECF No. 41.)

Plaintiffs allege in the Second Amended Complaint that the GEICO defendants breached Plaintiffs' insurance policies by failing to the pay the full sales tax, title transfer fees, and registration fees due under the policies after Plaintiffs suffered a total loss on their insured vehicles. (Second Am. Compl. ¶¶ 1–4.)  Plaintiffs each bring a claim for breach of contract under Ohio law on behalf of the themselves and on behalf of a putative class under Fed. R. Civ. P. 23.  (*Id.* ¶ 96.) Particularly relevant here, the Second Amended Complaint defines the putative class as: "All Ohio residents insured for PPA physical damaged by Defendants who … suffered a first-party total-loss of a covered vehicle during the *eight years* before this lawsuit through class certification[.]"  (*Id.* (emphasis added).)

Plaintiffs seek leave to file a Third Amended Complaint to amend the class period to those Ohio residents who … "suffered a first-party total-loss of a covered vehicle during the *fifteen years* before July 30, 2020 through class certification[.]" (ECF No. 61-4, ¶ 96 (emphasis added)). Additionally, Plaintiffs seek to substitute the identical claims of Alma Lee Resendez in place of Plaintiff Melissa Schaller and to dismiss Plaintiff Schaller without prejudice so that she may remain a member of the putative class.  (*Id.* at 4.)  During discovery, Plaintiffs' counsel discovered that Plaintiff Schaller was a debtor in bankruptcy proceedings and therefore seeks to replace her as a putative class representative. (ECF No. 61-2 ("Hall Decl."), ¶¶ 5, 9.) Contemporaneously with Plaintiffs' Motion for Leave to Amend, Resendez filed an Unopposed Motion to Intervene.  (ECF Nos. 60, 62.)

Defendants oppose Plaintiffs' Motion to for Leave to Amend and do not oppose the Motion to Intervene.  (ECF No. 63.)

## II.

### A. Standard for Granting Leave to Amend

Fed. R. Civ. P. 15(a)(2) states that a "court should freely give leave [to amend] when justice so requires."  This rule gives the district court discretion in deciding whether to permit an amendment.  *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008).  Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Creech v. Emerson Climate Techs., Inc.*, No. 3:15-CV-14, 2015 WL 6551856, at *2 (S.D. Ohio Oct. 29, 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Delay alone is "not a sufficient reason for denying leave[.]"  *Denoewer v. Union Cty. Indus.*, No. 2:17-CV-660, 2020 WL 1244194, at *13 (S.D. Ohio Mar. 16, 2020) (citing *Tefft v. Seward*, 689 F.2d 637, 640 (6th Cir. 1982)).  Instead, "the delay 'must have resulted in prejudice to the party opposing the motion.'" *Id.* (citing *Tefft*, 689 F.2d at 640).

When a party requests leave to amend after the deadline set by a court's scheduling order, the party must show good cause pursuant to Fed. R. Civ. P. 16.  *Id.* (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)).  In considering whether good cause exists, courts look to: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice."  *York v. Lucas Cty., Ohio*, No. 3:13 CV 1335, 2015 WL 2384096, at *2 (N.D. Ohio May 19, 2015).

### B. Analysis

Because Plaintiffs filed this Motion for Leave to Amend after the Court's March 15, 2020

deadline, Plaintiffs must show good cause.  *See id.*  Plaintiffs submit that: (1) justice requires amending the statute of limitations period in the class definition; and (2) justice requires substituting Resendez in place of Plaintiff Schaller as a named plaintiff and putative class representative.  (ECF No. 61-1 at 6–7.)

Defendants do not oppose Plaintiffs' goal of substituting Resendez's claims for Plaintiff Schaller's identical claims and do not oppose dismissing Plaintiff Schaller without prejudice. (ECF No. 63 at 3–4.)  Defendants do, however, oppose granting leave to amend the complaint as the procedure for accomplishing this goal; they argue that granting the accompanying Motion to Intervene is the proper method for substituting Resendez for Plaintiff Schaller.  (*Id.*)  Defendants also oppose Plaintiffs' attempt to amend the class period.  (*Id.* at 4.)  Defendants argue that the changes Plaintiffs seek to make should have been addressed in earlier pleadings and are "futile or unnecessary."  (*Id.* at 1.)

### 1.  Amendment of the Class Period from Eight Years to Fifteen Years

Plaintiffs original Complaint and the First and Second Amended Complaints each contained the same class period: Ohio residents with breach of contract claims against Defendants that accrued "during the eight years before this lawsuit through class certification[.]"  (Second Am. Compl. ¶ 96.)  This class period is based on Ohio's eight-year statute of limitations for breach of a written contract, set out in Ohio Revised Code § 2305.06.  Prior to September 28, 2012, a fifteen-year statute of limitations applied to claims for beach of a written contract.  *See* S.B. 224, 129th Gen. Assem. (Ohio 2012); *Wilson v. A&K Rock Drilling, Inc.*, No. 2:16-CV-739, 2017 WL 2422800, at *3 (S.D. Ohio June 5, 2017).

After the Court's deadline for motions to amend passed, Plaintiffs came across § 4 of Ohio S.B. 224—an uncodified section of the legislative act that amended § 2305.06 on September 28,

2012 to shorten the limitations period from fifteen years to eight years. The uncodified Section 4 states:

> For causes of action that are governed by section 2305.06 of the Revised Code and accrued prior to the effective date of this act, the period of limitations shall be eight years from the effective date of this act or the expiration of the period of limitations in effect prior to the effective date of this act, whichever occurs first.

*Id.* (emphasis added).  In other words, this provision provides that, for breach of contract claims that accrued *prior to* September 28, 2012, a fifteen-year statute of limitations applies until September 28, 2020.  As this Court described in *Wilson*, the fact that § 4 is uncodified is immaterial to whether it is law:

> "Not all portions of legislative acts get codified. That does not render those uncodified portions any less of a "law." Indeed, when confronted with similar questions—both the Southern District of Ohio and the Ohio Court of Appeals have looked to the uncodified portion of S.B. 224 in determining whether the fifteen-year or eight-year statute of limitations applies."

*Wilson*, 2017 WL 2422800, at *3 (citing *United States v. Edwards*, No. 2:12-CV-1060, 2014 WL 3818565, at *6 (S.D. Ohio Aug. 4, 2014) *and Potts v. Unglaciated Indus., Inc.*, 77 N.E.3d 415, 437 (Ohio Ct. App. 2016)).

Having discovered this uncodified fifteen-year statute of limitations, Plaintiffs sought leave to amend in order change the class period from eight years to "fifteen years before July 30, 2020 through class certification[.]"   (ECF No. 61-4, ¶ 96.)  Plaintiffs picked July 30, 2020 as the operative date because that is the date on which Plaintiffs filed the instant Motion for Leave to Amend, making clear that Plaintiffs do not seek to have the proposed amended class period relate back to the date of the original Complaint.  (*See* ECF No. 61-1.)  Plaintiffs argue that Defendants breached the contracts of some putative class members prior to September 28, 2012 and thus, fifteen years is the proper class period instead of eight years.  (ECF No. 61-1 at 8.)

Looking to the relevant factors, Plaintiffs have shown the requisite good cause under Rule

16 to permit amending the class period.

### a.  Reason for the Delay

Plaintiffs' counsel candidly admits that the failure to include the fifteen-year class period in the original pleading or the prior amendments was an oversight because the fifteen-year limitations provision resides in an uncodified portion of Ohio law. (ECF No. 64 at 11.)  As Defendants point out, the existence of the grandfathered limitations period should have been known to Plaintiffs when they filed this action.  Although it is unusual for a statute of limitations to appear only in an uncodified portion of a law, several state and federal courts have discussed the grandfathered fifteen-year limitations provision in Ohio S.B. 224.  *See Wilson*, 2017 WL 2422800, at *3; *Edwards*, 2014 WL 3818565, at *6; *Potts*, 77 N.E.3d at 437.  Nonetheless, this Court has permitted amendment to correct an oversight due to unclear law, even at the summary judgment stage after the close of discovery.  *See Denoewer*, 2020 WL 1244194, at *13. Furthermore, there is no evidence of "undue delay, bad faith or dilatory motive" on Plaintiffs part. *Foman*, 371 U.S. at 182.  And although Plaintiffs filed this motion in July of 2020, four months after the Court's scheduling deadline, the discovery deadline at the time Plaintiffs filed this motion was April 15, 2021 and no depositions had been taken.  In all, Plaintiffs' explanation for delay is sufficient to permit leave to amend.

### b.  Prejudice

Defendants claim that the amendment would prejudice them because the extending the class period would "significantly expand the scope of discovery" and because Defendants will "move to dismiss and/or strike" these portions of the proposed Third Amended Complaint "based on a number of grounds, including standing."  (ECF No. 63 at 6.)  The Court disagrees that Defendants will be prejudiced.  Plaintiffs' proposed class expansion does not assert any new

substantive claims. The proposed amendment comes well before the discovery deadline. And Plaintiffs' proposed amendment will not relate back to the date of the original Complaint, but only to the date on which Defendants were put on notice of Plaintiffs' proposed expansion of the class period.

Defendants also argue that the Court should deny leave to amend because those insureds with claims under the grandfathered fifteen-year limitations period would "not be precluded from bringing suit." (*Id.* at 7.) But this argument demonstrates that the practical effect of denying Plaintiffs' proposed amendment would be to create two virtually identical class-action lawsuits proceeding in the same court with different class periods.[1] Requiring Plaintiffs to prosecute the grandfathered limitations claims in a duplicative lawsuit would be an impractical and inefficient use of judicial resources and the parties' resources.

### c.  Importance of the Amendment

Without this amendment, the class period will extend back eight years from June 13, 2019; with the amendment, the class period will extend back fifteen years from July 30, 2020. That is significant. According to Plaintiffs, tens of thousands more putative class members will be included in this action if the amendment is permitted. Putative class members with claims under the fifteen-year limitations period should not be precluded from pursuing relief due to an oversight that Plaintiffs' counsel diligently sought to correct, especially because Defendants will suffer no prejudice and the amendment is sought several months prior the discovery deadline. *See Mahdy*

---

[1] Indeed, Plaintiffs filed a second lawsuit in this Court on September 28, 2020, ostensibly seeking to preserve the grandfathered limitations claims in the event this Motion for Leave was denied. (*See* S.D. Ohio Civil Docket No. 2:20-cv-5077.) Under § 4 of Ohio S.B. 224, claims that accrued prior to September 28, 2012 must be brought prior to eight years from the effective date of the act if the fifteen-year clock had not yet expired. S.B. 224, 129th Gen. Assem. (Ohio 2012). "The Court may take judicial notice of entries from its docket or another court's, although it may not credit disputable facts therein as evidence." *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1191 (M.D. Tenn. 2017) (citing *In re Omnicare*, Inc. Sec. Litig., 769 F.3d 455, 468 (6th Cir. 2014)).

*v. Mason City Sch. Dist.*, No. 1:16-CV-845, 2017 WL 25504, at *2 (S.D. Ohio Jan. 3, 2017) (citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)) ("Rule 15(a) provides a liberal standard of permitting amendments to ensure the determination of claims on their merits.").

### d. Futility

Lastly, Defendants argue that leave to amend should be denied because the proposed expansion of the class period is futile. (ECF No. 63 at 5.) "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Huff v. FirstEnergy Corp.*, 972 F. Supp. 2d 1018, 1042 (N.D. Ohio 2013) (citing *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005)).

Defendants argue that, because none of the representative Plaintiffs has individual claims that fall within the grandfathered fifteen-year limitations period, none of the Plaintiffs is a member of the class he or she seeks to represent. (*Id.* at 4.) However, Defendants cite no law for this proposition. Ultimately, Defendants' challenge to the representative Plaintiffs' standing as class representatives is a challenge best left for the class certification stage. *Hawes v. Macy's Inc.*, No. 1:17-CV-754, 2019 WL 1492237, at *3 (S.D. Ohio Apr. 4, 2019) ("whether Plaintiffs have standing to bring claims on behalf of other purchasers for products they did not in fact purchase is more appropriate at the class certification stage"); *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 884 (E.D. Mich. 2019) (citing *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 406 (S.D.N.Y. 2011)) ("where class certification is the source of the potential standing problems, class certification should precede the standing inquiry.") (internal quotations omitted).

Accordingly, Plaintiffs have shown good cause for amending the class period to "fifteen years before July 30, 2020 through class certification[.]" (ECF No. 61-4, ¶ 96.)

### 2. Substituting Resendez as a Representative Plaintiff and Dismissing Plaintiff Schaller Without Prejudice

Plaintiffs have also shown good cause for amending the complaint to substitute the claims of Alma Lee Resendez against Defendant GEICO Advantage for Plaintiff Schaller's identical claims against GEICO Advantage. Plaintiffs' counsel was not aware that Plaintiff Schaller was a debtor in a bankruptcy proceeding and only learned this information after Defendants produced a document in discovery indicating so. (Hall Decl. ¶ 5–7.) Plaintiffs indicate that the bankruptcy trustee does not oppose this motion. (*Id.* ¶ 10.) Substituting Resendez's identical claims against GEICO Advantage will permit the putative class action to proceed as to GEICO Advantage without the prospect of bankruptcy proceedings disrupting this case in the future. And dismissing Plaintiff Schaller without prejudice will allow Plaintiff Schaller to remain a member of the putative class. Defendants will suffer no prejudice because Resendez could file a class-action complaint against GEICO Advantage in a different lawsuit.

Defendants do not oppose substituting Resendez and dismissing Plaintiff Schaller without prejudice, but argue that amendment is unnecessary because the substitution can be achieved through the pending Motion to Intervene. (ECF No. 63 at 4.) However, courts routinely grant leave to amend under Rule 15 as a method of substituting a class representative. *See McKinney v. Bayer Corp.*, No. 1:10-CV-00224, 2011 WL 2553304, at *1 (N.D. Ohio June 28, 2011); *Smith v. Leis*, No. 1:08-CV-00234, 2009 WL 1687945, at *1 (S.D. Ohio June 12, 2009). Allowing Plaintiffs to amend the complaint and substitute Resendez will "serve the ends of justice in this case, and also serve to conserve judicial resources and the resources of the Parties without prejudicing" Defendants. *Thorn v. Bob Evans Farms*, LLC, No. 2:12-CV-768, 2013 WL 2456336, at *2 (S.D. Ohio June 6, 2013).

In the end, it makes little difference whether Resendez joins this lawsuit through

intervention or through amendment of the complaint. But because both methods are permissible, and because the Court is granting leave to amend for an independent reason, *see supra*, the most efficient resolution here is to allow Plaintiffs to substitute Resendez through amendment. Accordingly, Plaintiffs are permitted to amend the complaint by substituting Resendez's claims against GEICO Advantage for those of Plaintiff Schaller.  The Court will dismiss Plaintiff Schaller without prejudice so that she may remain a member of the putative class.  Furthermore, because Resendez will become a named Plaintiff upon the filing of the Third Amended Complaint, Resendez's Motion to Intervene will be dismissed as moot.

### III.

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Leave to File Third Amended Complaint, Substitute Class Representative, and Dismiss Melissa Schaller Without Prejudice (ECF No. 61) and **DISMISSES AS MOOT** the Motion to Intervene by Movant-Intervenor Alma Lee Resendez (ECF Nos. 60, 62).  Plaintiff Melissa Schaller is dismissed without prejudice. The Clerk is **DIRECTED** to terminate Melissa Schaller from this lawsuit.  This case is to remain open.

**IT IS SO ORDERED.**


3/3/2021                                    s/Edmund A. Sargus, Jr.
DATE                                        EDMUND A. SARGUS, JR.
                                            UNITED STATES DISTRICT JUDGE