IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANET DAVIS, *et al.*,

    Plaintiffs,

                                        Civil Action 2:19-cv-2477
                                        Judge Edmund A. Sargus, Jr.
    v.                                  Magistrate Judge Elizabeth P. Deavers

GEICO CASUALTY COMPANY, *et al.*,

    Defendants.

## ORDER

This matter is before the Court for consideration of Defendants' Unopposed Motion to Maintain Documents Under Seal. (ECF No. 92.) Defendants GEICO Casualty Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, GEICO General Insurance Company, and GEICO Secure Insurance Company (collectively, "GEICO") request that the Court "maintain under seal certain portions of Plaintiffs' Motion for Class Certification and accompanying exhibits, which contain confidential information concerning GEICO's business practices as well as GEICO's claims data and data systems." (*Id.*) Specifically, GEICO requests that the Court order the following Exhibits to Plaintiffs' Motion to remain sealed in their entirety: Exhibit B (Transcript of Todd Koontz 30(b)(6) Deposition), Exhibit C (Expert Report of Jeffrey Martin), Exhibit D (CL-30 Total Loss Settlement Explanation Letters), and Exhibit E (Transcript of David Antonacci 30(b)(6) Deposition). (*Id.* at PAGEID # 1502.) GEICO also requests that that the Court order Plaintiffs to file a redacted copy of their Exhibit G (Declaration of Jacob Phillips) to Plaintiffs' Motion, redacting pages 8–10, ¶¶ 25–31 and pages 12–144 along

with exhibits 2–8 of the exhibit. (*Id.*) Finally, GEICO requests that the Court order a redacted copy of Plaintiffs' Motion be filed redacting the portions of the brief summarizing and/or citing to the confidential information contained in the above mentioned exhibits. (*Id.*)[1] Plaintiffs do not oppose the Motion.

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*,

---

[1] For ease of reference, the Court will refer to the materials which GEICO seeks to seal and/or redact as the "Confidential Documents."

2

927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305).  Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'"  *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305).  If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'"  *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Here, the Court finds that the public has some interest in this action; however, the Confidential Documents are not of great interest to the public and contain detailed information concerning GEICO's confidential and proprietary claim settlement practices, and proprietary data systems, the disclosure of which would competitively disadvantage GEICO.  *See Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (granting the motion to seal and redact documents containing "market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy," the disclosure of which "would allow competitors to have an inside look into [Plaintiff's] business strategies"); *see also Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) ("This Court has previously recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to

3

filings."). Further, the Confidential Documents include personal information of non-parties, which are not a matter of public interest. *See In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 477 (6th Cir. 1983) (affirming a district court decision to protect the identity and customer information of individuals not a part of the litigation). Finally, because the confidential information is pervasive throughout the exhibits GEICO seeks to keep sealed in their entirety, the Court finds that sealing those documents in their entirety "is no broader than necessary" to protect the information, as redaction may render the documents meaningless. *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 939 (citations and internal quotation marks omitted); *Shane Grp., Inc.*, 825 F.3d at 306.

For these reasons, Defendants' Unopposed Motion to Maintain Documents Under Seal (ECF No. 92) is **GRANTED**. The Clerk is **DIRECTED** to maintain under seal copies of the following Exhibits to Plaintiffs' Motion for Class Certification, ECF No. 90: Exhibit B (Transcript of Todd Koontz 30(b)(6) Deposition), Exhibit C (Expert Report of Jeffrey Martin), Exhibit D (CL-30 Total Loss Settlement Explanation Letters), and Exhibit E (Transcript of David Antonacci 30(b)(6) Deposition). Plaintiffs are **DIRECTED** to file redacted copies of Plaintiffs' Motion for Class Certification and Exhibit G as specified in Defendants' Unopposed Motion to Maintain Documents Under Seal, within **SEVEN (7) DAYS** from the date of this Order.

    **IT IS SO ORDERED.**

                                                  */s/ Elizabeth A. Preston Deavers*
**DATED: August 31, 2021**         **ELIZABETH A. PRESTON DEAVERS**
                                               **UNITED STATES MAGISTRATE JUDGE**