UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANET DAVIS, ANGEL RANDALL,
ALMA LEE RESENDEZ, MANDY
PHELAN, and TREY ROBERTS,
individually and on behalf of all
others similarly situated,

    Plaintiffs,

v.

GEICO CASUALTY CO., et al.,

    Defendants.

Case No. 2:19-cv-2477
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Class Certification (ECF No. 99, hereinafter "Pl.'s Mot."), Defendants' Response (ECF No. 103, hereinafter "Def.'s Resp."), Plaintiffs' Reply (ECF No. 110, hereinafter "Pl.'s Reply"), and Defendants' Motion for Leave to a Surreply (ECF No. 112). For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Class Certification (ECF No. 99) and **DENIES** Defendants' Motion for Leave to File a Sur-reply (ECF No. 112).

I.

On June 13, 2019, Plaintiffs filed this case as a putative class action. (ECF No. 1.) Defendants filed a Motion to Dismiss for Failure to State a Claim, which the Court denied on January 7, 2020. (ECF No. 25.) On March 3, 2021, the Court granted Plaintiffs' motion for leave to file a Third Amended Complaint. (ECF No. 76.) The Third Amended Complaint alleges that Defendants—five GEICO insurance companies—breached Plaintiffs' insurance policies

("Policy") when they paid the actual cash value ("ACV") of their vehicles. According to Plaintiffs, Defendants failed to pay sales taxes and transfer and registration fees even though GEICO's Policy defines ACV to include such costs. (ECF No. 77 ¶ 1.) Plaintiffs each bring a claim for breach of contract on behalf of themselves and on behalf of a putative class under Fed. R. Civ. P. 23 for all Ohio residents who "suffered a first-party total-loss of a covered vehicle during the fifteen years before July 30, 2020 through class certification." (*Id.* ¶ 96.) The Plaintiffs have now filed a motion for class certification. (ECF No. 99.)

## II.

A trial court has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23 of the Federal Rules of Civil Procedure. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (citing *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100 (1981)). Before conducting the Rule 23 analysis, courts should determine the ascertainability of class members. *See Romberio v. Unumprovident Corp.*, 385 F. App'x 423, 431 (6th Cir. 2009).

The district court must conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are satisfied before certifying a class. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The trial court, however, is not permitted to inquire into a case's merits at the class certification stage. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974). Thus, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 505 (6th Cir. 2015) (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013)) (internal quotations omitted); *see also In re Whirlpool Corp. Front-Loading Washer Prods. Liability Litig.*, 722 F.3d 838, 851–52 (6th Cir. 2013) ("[D]istrict courts may not turn the

class certification proceedings into a dress rehearsal for the trial on the merits.") (internal quotations omitted).

In addition to showing the Rule 23(a) factors are met, the plaintiff must satisfy one of the three sub-sections of Rule 23(b). *Powers v. Hamilton County Pub. Defender Comm'n,* 501 F.3d 592, 619 (6th Cir. 2007).

### III.

Plaintiffs seek to represent a Class defined as:

> All Ohio residents insured under a GEICO private-passenger auto property damage policy who (1) submitted a first-party property damage claim from January 1, 2009 through August 1, 2020 that was (2) determined by Geico to be a covered total-loss claim, and where (3) GEICO's total-loss claim payment(s) did not include ACV Sales Tax and/or Transfer Fees.

(Pl.'s Mot. at 8.) Plaintiffs contend that they have Article III standing, their class is ascertainable, and that they met their burden under Rule 23(a). They move for class certification under Rule 23(b)(3).

### A. Article III Standing

Plaintiffs bear the burden of demonstrating that they have standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The Plaintiffs must prove the Class Members have standing by showing the three standing elements—injury-in-fact, traceability, and redressability. *Id.*; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). Defendants assert that the proposed Class Members and Plaintiffs do not have standing to sue because they lack an injury-in-fact.

First, Defendants argue that Plaintiffs lack standing to represent the class because their claims are subject to a different statute of limitations than some class members' claims. (Def.'s Resp. at 11.) For class members whose injuries occurred before June 26, 2012, Ohio applies a grandfathered 15-year statute of limitations. *Transp. Ins. Co. v. Busy Beaver Bldg. Ctrs., Inc.*, 969

F. Supp. 2d 875, 885 n.17 (S.D. Ohio 2013). For class members whose injuries occurred after that date, the statute of limitations is eight years. Ohio Rev. Code § 2305.06 (2020). Defendants contend that because Plaintiffs' alleged injuries occurred after 2017, they are subject to the eight-year statute of limitations rather than the fifteen-year statute of limitations applicable to class members whose injuries occurred between January 1, 2009 (the class definition starting date) and June 26, 2012. Here, Defendants challenge whether Plaintiffs may represent the Class because they are subject to different statutes of limitations than some class members. This is unrelated to standing and a more suitable argument under the Rule 23 analysis.[1]

Second, Defendants argue that Plaintiffs' definition includes insureds who have suffered no injury under Plaintiffs' theory of liability because the class definition—insureds who made a "first-party property damage claim"—is overbroad and could include claims unrelated to "collision and/or comprehensive coverage" and ACV of vehicles, which is the subject of Plaintiffs' suit. (Def.'s Resp. at 12.) Plaintiffs ask the Court to remedy the ambiguity by including "collision and/or comprehensive coverage" in the proposed class definition. (Pl.'s Reply at 2, n. 2.) *See generally Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) ("[D]istrict courts have broad discretion to modify class definitions").

Third, GEICO argues that some class members were paid ACV Sales Tax and Transfer Fees and therefore have no concrete injury. Further, Plaintiffs do not have the means of identifying and excluding the uninjured individuals from the class. (Def.'s Resp. at 12–13.) Plaintiffs reply that the class definition only includes those who were not paid either ACV Sales Tax or Transfer Fees, and that GEICO's data will allow the parties to exclude individuals paid ACV Sales Tax and

---

[1] Defendants do not re-argue this under Rule 23. Even if they did, they would not prevail because plaintiffs can represent class members with different statutes of limitations. *See, e.g.*, *Galoski v. Applica Consumer Prods.*, 309 F.R.D. 419, 425 (N.D. Ohio 2015) (finding that different statutes of limitations of plaintiffs from different states do not outweigh common questions of law or fact under the Rule 23 predominance element).

Transfer Fees. (Pl.'s Reply at 2.) The Court finds that the proposed definition includes only insureds who will have an injury because it includes individuals whose "total-loss claim payment(s) did not include ACV Sales Tax and/or Transfer Fees." Whether the class is ascertainable is addressed below and not an issue of standing.

Fourth, Defendants argue that some class members did not suffer an injury because they sustained no out-of-pocket loss since any Sales Tax or Transfer Fees would have gone to a third-party lienholder. (Def.'s Resp. at 13.) Whether failure to pay such costs financially injured the plaintiffs is a question of fact and the Court cannot assume that such costs just disappeared. Additionally, injuries under Article III "[do] not depend on allegation of financial loss." *Springer v. Cleveland Clinic Emp. Health Plan Total Care*, 900 F.3d 284, 287 (6th Cir. 2018). In *Springer*, the insurance contract said the defendant would pay 100% of emergency medical transportation, but it later paid only 10%. *Id.* Even though the plaintiff was not personally billed for the transportation, and thus suffered no financial loss, the court found his injury was the denial of "the benefit of his bargain." *Id.* Likewise, here, it does not matter that some plaintiffs could never have received payment from GEICO because the payments would go to a lienholder. The denial of the benefit of their contracts is sufficient injury to confer Article III standing.

Finally, Defendants contend that some of the named Plaintiffs have not suffered certain injuries from individual defendants and therefore the class has no standing to pursue those claims. (Def.'s Resp. at 13–15.) Specifically: (1) Plaintiff Phelan was fully paid the Sales Tax by GEICO General but is the only named plaintiff against GEICO General, (2) Plaintiff Davis did not incur and is not entitled to any Ohio Transfer Fees from GEICO Choice but is the only named plaintiff against GEICO Choice, and (3) Plaintiffs Roberts and Randall sustained no out-of-pocket losses and are the only named plaintiffs for GEICO Secure and GEICO Casualty. In other words,

5

Defendants argue that class members may not bring claims against a Defendant unless a named plaintiff suffered the specific injury against that Defendant.

Defendants' argument conflates Article III standing with merits or Rule 23 analyses. Plaintiffs' theory of liability is that all individuals who received an improperly depreciated ACV payment suffered a legal injury—breach of contract—regardless of whether the individual's damages will include Sales Tax or Transfer Fees or both. Plaintiffs' allegations that each Defendant depreciated the Class Members' ACV payments are sufficient for Article III standing, even if the Plaintiffs' and Class Members' damage calculations do not match. *See Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 463 (6th Cir. 2020) (*quoting Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 377 (8th Cir. 2018)) ("Whether some Plaintiffs are unable to prove damages because they eventually recouped…payment is a merits question," and does not determine Article III standing).

### B. Ascertainable

To be ascertainable, a proposed class must be sufficiently "definite" or "precisely defined" and plaintiffs must show they are members of that class. *See Bentley v. Honeywell Int'l, Inc.*, 223 F.R.D. 471, 477 (S.D. Ohio 2004). A proposed class is ascertainable if it is "administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537–538 (6th Cir. 2012). A court should not deny class certification because of "the size of a potential class and the need to review individual files to identify its members." *Id.* at 539–540.

GEICO first argues that Plaintiffs' class definition is limited to "Ohio residents" but Plaintiffs offer no means for determining residency of any class members. (Def.'s Resp. at 35.) Plaintiffs respond by amending the Class definition to include insureds whose vehicles were

6

insured under Ohio policies, rather than Ohio residents. (Pl.'s Reply at 22.) *See Kopaleishvili v. Uzbek Logistics, Inc.*, No. 1:17-CV-702, 2019 WL 6609212, at *3 (S.D. Ohio Dec. 5, 2019) (allowing plaintiffs to revise the class definition in a reply in support of certification to address deficiency arguments raised in an opposition).

Next, GEICO argues that the class definition is ambiguous because it does not indicate whether insureds who received a partial payment of sales tax or transfer fees, but not the full amount are members of the class. (Def.'s Resp. at 35.) Plaintiff replies that it agrees to amend the class definition to further clarify that it includes those persons whose "GEICO's total loss claim payment(s) did not include ACV Sales Tax (being the applicable state and local sales tax applied to the adjusted vehicle value) and Transfer fees of $19.50 ($21.00 after December 2019)." (Pl.'s Reply at 23.)

All of Defendants' arguments about ascertainability relate to the vagueness of the proposed class definition. From the facts in briefing and taking into account Plaintiffs' new proposed amendments to their class definition, the Court finds that the Class is ascertainable. GEICO has data sufficient to identify sales tax payments, adjusted vehicle value, and transfer fee payments, such that class members can be identified and damages determined.

### C. Rule 23(a)

The burden is on the plaintiff to establish a right to class certification. *Falcon*, 457 U.S. at 160; *Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2003). Following the proposal of a properly defined class, Plaintiffs must satisfy the prerequisites set forth in Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

7

### 1. Numerosity

"[T]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen'l Tele. Co.*, 446 U.S. at 330. "[I]mpracticability of joinder must be positively shown, and cannot be speculative." *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005) (internal quotation marks omitted). According to Plaintiffs, there are over 59,800 Class Members in the proposed Class. (Pl.'s Mot. at 14.) Defendants do not dispute the numerosity requirement. (*See* generally Def.'s Resp.) The Plaintiffs' estimate satisfies the numerosity requirement of Rule 23(a). *See In re Cty. of Cheboygan*, No. 20-0106, 2021 U.S. App. LEXIS 2787, *4 (6th Cir., Feb. 1, 2021) (no abuse of discretion occurred when the trial court certified a class of 400 potential members); *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (impracticality of joinder established by "numbers alone" for class estimated to be 15,000 to 120,000); *Williams v. Duke Energy*, Case No. 1:08-cv-46, 2014 U.S. Dist. LEXIS 201655 (S.D. Ohio Mar. 13, 2014).

### 2. Commonality

"Rule 23(a)(2) requires that for certification there must be 'questions of law or fact common to the class.'" *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996). The claims must depend on a common contention "of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 338. The inquiry focuses on whether a class action will generate common answers that are likely to drive resolution of the lawsuit, not on whether common questions are raised. *Id.*

Plaintiffs maintain that the common factual and legal issue in this case is "whether ACV includes Sales Tax and Transfer Fee" in the Defendants' Policy. (Pl.'s Mot. at 15.) Plaintiffs state

8

that interpretations of form contracts are regularly found common legal questions. Defendants respond that Plaintiffs' proposed issues "would not resolve class members' claims for underpayment of ACV" and would not resolve "class member claims where GEICO did in fact make fee and tax payments." (Def.'s Resp. at 24.)

The Court finds that the commonality requirement is met here. Even if there are other potential issues related to the Policy that are not addressed by Plaintiff, the claims asserted by Plaintiffs on behalf of themselves and the Class depend on a common contention of such a nature that it is capable of class-wide resolution, and the inquiries necessary will generate common answers that are likely to drive resolution of the lawsuit. *See, e.g.*, *Klopfenstein v. Fifth Third Bank*, No. 12-851, 2021 U.S. Dist. LEXIS 75020, at *15 (S.D. Ohio Mar. 26, 2021) (commonality established where the court interpreted materially similar form contracts); *Hicks*, 965 F.3d at 459 (Commonality requirement met because "Plaintiffs' claims share a common legal question central to the validity of each of the putative class member's claims: whether State Farm breached Plaintiffs' standard-form contracts by deducting labor depreciation from their ACV payments.").

### 3. Typicality

Rule 23(a) further requires that Plaintiffs demonstrate that the claims of the named representatives are typical of claims of Class. Fed. R. Civ. P. 23(a)(3). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Powers*, 501 F.3d at 618 (quoting *Am. Med. Sys.*, 75 F.3d at 1082) (internal quotation marks omitted)). This requirement ensures that this Court may properly attribute a collective nature to the challenged conduct. *Id.* "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague*, 133 F.3d at 399. The

representative's interests must be aligned with those of the representative group such that the representative's pursuit of its own claims advances the interests of the class. *Id.*

Defendants make several arguments that Plaintiffs' claims are not typical of Class Member claims. First, Defendants argue that Plaintiffs' claims are not typical because some Class Members may have an additional claim the Plaintiffs do not bring—that Class Members "were underpaid on the adjusted vehicle value as a component of ACV." (Def.'s Resp. at 21.) The fact that some Class Members may have an additional claim is not sufficient to destroy typicality because the Class Member still retains the right to opt out if he or she wishes to bring an additional claim. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997) (dismissing individual factual differences among the plaintiffs because the "test for typicality…is not demanding and does not require identicality").

Second, Defendants argue that Plaintiffs only seek the minimum registration transfer fee, which does not apply to Class Members who "did not have a valid registration to transfer at the time of the loss, whose tag was destroyed in the total loss (or not recovered), and/or who elected not to transfer their registration would be subject to entirely different (and higher) initial registration fees with respect to their replacement vehicle." (Def.'s Resp. at 22.) Again, the Class Members' factual differences do not destroy typicality where they have the same legal claims based on the Defendants' same practice.

Third, Defendants argue that Plaintiffs owned their totaled vehicles, and so they do not have claims typical of class members who leased their vehicles and were not paid Sales Tax or Selected Fees. (*Id.*) Plaintiffs reply that GEICO's Policy makes no distinction between leased and non-leased vehicles, but rather defines and treats them the same in handling Sales Tax and Transfer Fees. (Pl.'s Reply at 6; Pl.'s Mot. Ex. A at 8.) This is, again, a factual difference that does not

10

affect the Plaintiffs theory of liability—that ACV includes Sales Tax and Transfer Fees and the Defendants breached the contracts by failing to pay them. *See also Roth v. GEICO Gen. Ins. Co.*, 2018 U.S. Dist. LEXIS 226554, at **13-14 (S.D. Fla. Jun. 13, 2018) (sales tax and title fees are owed in the same amount regardless of whether a vehicle was leased because "nothing in the Policy requires a leased vehicle insured to replace their total loss vehicle with another leased vehicle, or even to replace her total loss with any vehicle at all.").

Fourth, some of the Plaintiffs are subject to unique defenses that are not typical of class members. (Def.'s Resp. at 22.) Specifically, Defendants contend that some of the Plaintiffs were paid Sales Tax so they do not have a claim for non-payment, and some of the Plaintiffs were not titled or registered in Ohio and would not incur the disputed Transfer Fees or would incur different Transfer Fees from other states. The Court disagrees. The differences alleged relate to individual injury calculations rather than differences in legal claims or theories. The Court finds that these defenses are likely typical of many members in the class and any factual deviations are not material enough to destroy typicality. *See Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 646 (S.D. Ohio 2017) ("[U]nique defenses will destroy typicality only where the defenses…are likely to usurp a significant portion of the litigant's time and energy, and there is a danger that the absent class members will suffer if their representative is preoccupied with defenses unique to it.").

In sum, there is no material variation in the claims of the Class. Plaintiffs and the Class are pursuing the same legal theory that the ACV includes Sales Tax and Transfer Fee in Defendants' Policy. Each Class Member's claim, just like Plaintiffs' claims, arises from the same alleged conduct—GEICO's failure to pay their Sales Tax and Transfer Fees pursuant to the Policy. (Pl.'s Mot. at 17.)

### 4. Fair and Adequate Representation

Rule 23(a)(4) requires that the class representatives, "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation is divided into the adequacy of the Class representatives and the adequacy of Class counsel.

#### a. Class Representatives

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Young*, 693 F.3d at 543; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997).

Defendants challenge Plaintiffs' adequacy to represent the interests of the Class because Class Members would likely claim, but Plaintiffs fail to claim, reassessment of ACVs. Furthermore, Plaintiffs only ask for Selected Fees instead of all the mandatory fees that are required to purchase and register a vehicle. (Def.'s Resp. at 17–18.) Defendants contend Plaintiffs' waiver of certain claims could preclude Class Members from obtaining a much greater value on their claims and they would be precluded from bringing future claims on the issue because of collateral estoppel and res judicata. (*Id.* at 18–20.)

Plaintiffs respond that the claims GEICO accuses them of failing to assert are not meritorious or have little chance of success. *See Desai v. Geico Cas. Co.*, 478 F. Supp. 3d 609, 616 (N.D. Ohio 2020) (dismissing with prejudice the valuation claims GEICO argues Plaintiffs fail to bring on behalf of Class Members). Plaintiff argues that Class Members would not be precluded from bringing claims related to the underlying vehicle value because Class Members will be given notice that their claims may be precluded and may opt out of the Class.

The Court finds that the named Plaintiffs will fairly and adequately represent the Class because they possess the same interests and allegedly suffered the same injuries as the class members. Additionally, class members are protected from res judicata and collateral estoppel of meritorious claims because of the informational opt-out forms.

### b. Class Counsel

In assessing the adequacy of representation, this Court must also consider whether the Class representative will vigorously prosecute the Class members' interest through qualified counsel. *In re Cincinnati Radiation Litig.*, 187 F.R.D. 549, 553 (S.D. Ohio 1999). Plaintiffs' counsel have successfully litigated class actions with substantially similar issues, including a successful claim against GEICO. Furthermore, Plaintiffs' counsel possesses the resources to litigate this action. (Pl.'s Mot. at 18–19.) Defendants do not dispute the adequacy of Plaintiffs' counsel. The Court concludes that the Class is represented by qualified counsel. Plaintiffs' counsel has dedicated and, the Court anticipates will continue to dedicate, high levels of legal skill and resources to the vigorous prosecution of this class action litigation.

## D. Rule 23(b)(3)

Plaintiffs seek to certify this Class as an opt-out class action under Rule 23(b)(3). Class certification pursuant to Rule 23(b)(3) is appropriate whenever the Court finds that (1) common questions of fact or law predominate over individual questions ("predominance"), and (2) class treatment of plaintiff's claims is superior to other available methods for the fair and efficient adjudication of the controversy ("superiority"). Fed. R. Civ. P. 23(b)(3).

### 1. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Beattie*, 511 F.3d at 564 (quoting *Amchem*,

13

521 U.S. at 623). "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Young*, 693 F.3d at 544 (quoting *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352-53 (6th Cir. 2011)). Common issues predominate when liability can be determined on a class-wide basis. *Beattie*, 511 F.3d at 564. "Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011).

The questions of law or fact predominate in this case. The elements of a breach of contract claim in Ohio are (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract; and (3) damages caused by the breach of the contract. *E.g., Clinch Valley Printing Co. v. Internatl. Hot Rod Assn.*, 4 F. App'x 303, 304 (6th Cir. 2001). The "enforceable contract" element is satisfied by common proof that GEICO's Policy was an enforceable contract. Further, whether GEICO breached its Policy is a common question because the Policy terms are materially identical and Defendants' practices concerning payment of Sales Tax and Transfer Fees were consistent across all entities and policy forms and for the entire Class Period. Therefore, the only individual question of fact is the amount of damages each Class Member suffered. Individual damage calculations do not preclude class certification. *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 861 (6th Cir. 2013).

Defendants argue that individual issues and defenses predominate over common issues. First, Defendants argue that Plaintffs fail to demonstrate how liability for underpayment of the ACV could be determined on a class-wide basis. (Def.'s Resp. at 25.) Further, Defendants argue that Plaintiffs fail to show how liability for other registration fees, dealer fees, inspection fees,

14

and/or other fees that must be paid in acquiring a vehicle could be determined on a class-wide basis. (*Id.* at 26.) Plaintiffs respond, and the Court agrees, that the question of liability—whether ACV includes Sales Tax and Transfer Fee in the Defendants' Policy—is a question of contract interpretation across all Class Members' identical Policies and thus subject to generalized proof applicable class wide.

Second, Defendants argue that they have individualized affirmative defenses to many Class Members including Plaintiffs Phelan and Davis. (*Id.* at 26.) They claim that Plaintiff Phelan was fully compensated for the sales tax and Plaintiff Davis did not incur Ohio title, registration fees or sales tax with respect to her totaled vehicle, and thus suffered no damages. The Court is unpersuaded. These defenses relate to the individual damage calculations, not to the overarching question of contract interpretation.

Third, Defendants claim that Plaintiffs cannot meet the predominance requirement because they have not set forth a method for calculating damages on a class-wide basis. (*Id.* at 27.) Plaintiffs point to their expert's formula: "Transfer Fees of $19.50 (or $21.00) and Sales Tax of 5.75% (plus applicable surtax) of the underlying vehicle value, less any amounts already paid." (Pl.'s Mot. at 21.) There is sufficient evidence that this methodology for calculating damages applies class wide. The Court agrees with Plaintiffs that the calculation will result in different amounts but that is unrelated to liability and does not defeat class certification.

    **2.    Superiority**

Class certification offers judicial efficiencies permitting common claims and issues to be tried only once, with binding effect on all parties.  It also avoids the possibility of inconsistent adjudications and facilitates settlement by permitting agreements binding all potential claimants.

The individual damages each Class member may be determined to have suffered has as a result Defendants' alleged conduct is readily determinable. Rule 23(b)(3) lists the following non-exclusive factors as to the superiority requirement:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3). *See also Amchem*, 521 U.S. at 615–16.

Defendants contend that management of this case as a class action will be extremely difficult because the Court will need to take an individualized look at each putative class member separately to determine whether that individual is even a member of the class to start with. After that, the Court will have to determine whether the vehicle was owned or leased, the applicable local sales tax, and the amount each class member was already paid for Sales Tax and Transfer fees. Defendants argue again that Class Members will have different claims such as whether their vehicle was undervalued. (Def.'s Resp. at 33–34.)

This Court agrees with Plaintiffs that the 23(b)(3) factors, and any other relevant ones, weigh in favor of a finding that class treatment of Plaintiffs' claims is superior to other available methods for the fair and efficient adjudication of the controversy.

The first factor addresses whether the interest of Class members in conducting separate lawsuits is so strong as to require denial of Class certification. Because Class Members are, on average, entitled to only approximately $500.00 in damages, this factor weighs in favor of the class action because plaintiffs would have a difficult time bringing the class actions individually. *See Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 464 (6th Cir. 2020) ("The district court

16

appropriately concluded that superiority is satisfied here because…Plaintiffs' ability to obtain relief through individual damages suits is likely not economically feasible.").

The second factor requires consideration of the extent and nature of any existing litigation as to the controversy already commenced by or against members of the Class. There is one other class action, *Desai v. Geico Casualty Company*, Case No. 1:19-cv-2327 (N.D. Ohio), in which the plaintiff alleges failure to pay title and registration fees as part of an ACV payment. However, that matter lacks a claim for Sales Tax, involves a significantly shorter class period, is only against GEICO Casualty, and was filed after this action. The Court is unaware of other parallel individual litigations and agrees with Plaintiffs that this factor favors class certification.

The third superiority factor is the desirability of conducting the litigation in a particular forum and the fourth and final Rule 23(b)(3) factor is "the difficulties likely to be encountered in the management of a class action." *Amchem*, 521 U.S. at 616. The forum here is convenient and the management of this case as a class action presents no unusual difficulties.

The Court finds that the certification of this Class is a superior method for the fair and efficient adjudication of this controversy. All the Class members' alleged damages were caused by the interpretations of Defendants' Policies, which Plaintiffs allege are incorrect and unlawful.

E.  **Defendants' Motion for Leave to File Sur-reply**

Defendants filed a motion for leave to file a sur-reply stating that Plaintiffs mischaracterize arguments, amend their Class definition, and raise new arguments in their Reply. (ECF No. 112.) Defendants did not include a proposed sur-reply in their motion. This Court believes a sur-reply is unnecessary because the Reply was limited to arguments that the Defendants' Response addressed.

**IV.**

Based on the foregoing, and Plaintiffs' contention that they will amend their class definition, the Court **GRANTS** Plaintiffs' Motion for Class Certification (ECF No. 99). The Court **DENIES** Defendants' Motion for Leave to File a Sur-reply (ECF No. 112). This Case remains open.

**IT IS SO ORDERED.**

**12/13/2021**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                     **EDMUND A. SARGUS, JR.**
                                                               **UNITED STATES DISTRICT JUDGE**